TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
CATHARINE A. RICHMOND (Cal. Bar No. 301184)
Assistant United States Attorney
KELLYE NG (Cal. Bar No. 313051)
Assistant United States Attorneys
Major Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-7162/8408
    Facsimile:  (213) 894-0141
    E-mail:    catharine.richmond@usdoj.gov
            kellye.ng@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 25-40-HDV-3 |
|     Plaintiff, | PLEA AGREEMENT FOR DEFENDANT KALEB CHRISTOPHER MERRITT |
|       v. | |
| KALEB CHRISTOPHER MERRITT, | |
|     Defendant. | |

    1.   This constitutes the plea agreement between KALEB CHRISTOPHER MERRITT ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.   Defendant agrees to:

a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the single count indictment in <u>United States v. Rane et al.</u>, CR No. 25-40-HDV-3, which charges defendant with Child Exploitation Enterprise in violation of 18 U.S.C. § 2252A(g).

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

3.    Defendant agrees to and agrees to not oppose the imposition of the following conditions of probation or supervised release:

a.    Within three (3) days of release from prison, the defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where the defendant resides, is employed and is a student, pursuant to the registration procedures that have been established in each jurisdiction.  When registering for the first time, the defendant shall also register in the

2

jurisdiction in which the conviction occurred if different from the
defendant's jurisdiction of residence.  The defendant shall provide
proof of registration to the Probation Officer within 48 hours of
registration.

b.    The defendant shall participate in a psychological
counseling, psychiatric treatment, or a sex offender treatment
program, or any combination thereof as approved and directed by the
Probation Officer.  The defendant shall abide by all rules,
requirements, and conditions of such program, including submission to
risk assessment evaluations and physiological testing, such as
polygraph and Abel testing.  The defendant retains the right to
invoke the Fifth Amendment.  The Court authorizes the Probation
Officer to disclose the Presentence Report, and any previous mental
health evaluations or reports, to the treatment provider.  The
treatment provider may provide information (excluding the Presentence
Report), to State or local social service agencies (such as the State
of California, Department of Social Service), for the purpose of
defendant's rehabilitation.

c.    As directed by the Probation Officer, the defendant
shall pay all or part of the costs of psychological counseling or
psychiatric treatment, or a sex offender treatment program, or any
combination thereof to the aftercare contractor during the period of
community supervision.  The defendant shall provide payment and proof
of payment as directed by the Probation Officer.  If the defendant
has no ability to pay, no payment shall be required.

d.    The defendant shall not view or possess any materials,
including pictures, photographs, books, writings, drawings, videos,
or video games, depicting or describing child pornography, as defined

3

1    in 18 U.S.C. § 2256(8), or sexually explicit conduct depicting

2    minors, as defined at 18 U.S.C. § 2256(2).  This condition does not

3    prohibit the defendant from possessing materials solely because they

4    are necessary to, and used for, a collateral attack, nor does it

5    prohibit the defendant from possessing materials prepared and used

6    for the purposes of the defendant's Court-mandated sex offender

7    treatment, when the defendant's treatment provider or the probation

8    officer has approved of the defendant's possession of the material in

9    advance.

10          e.    The defendant shall not own, use or have access to the

11   services of any commercial mail-receiving agency, nor shall the

12   defendant open or maintain a post office box, without the prior

13   written approval of the Probation Officer.

14          f.    The defendant shall not contact the victim, J.M., by

15   any means, including in person, by mail or electronic means, or via

16   third parties.  Further, the defendant shall remain at least 100

17   yards from the victim at all times.  If any contact occurs, the

18   defendant shall immediately leave the area of contact and report the

19   contact to the Probation Officer.

20          g.    The defendant shall not enter, or loiter, within 100

21   feet of school yards, parks, public swimming pools, playgrounds,

22   youth centers, video arcade facilities, amusement and theme parks, or

23   other places primarily used by persons under the age of 18, without

24   the prior written authorization of the probation officer.

25          h.    The defendant shall not associate or have verbal,

26   written, telephonic, or electronic communication with any person

27   under the age of 18, except: (a) in the presence of the parent or

28   legal guardian of said minor; and (b) on the condition that the

4

1  defendant notify said parent or legal guardian of the defendant's

2  conviction in the instant offense/prior offense.  This provision does

3  not encompass persons under the age of 18, such as waiters, cashiers,

4  ticket vendors, etc., whom the defendant must interact with in order

5  to obtain ordinary and usual commercial services.

6  　　　　i.　The defendant shall not affiliate with, own, control,

7  volunteer or be employed in any capacity by a business or

8  organization that causes the defendant to regularly contact persons

9  under the age of 18.

10  　　　　j.　The defendant shall not affiliate with, own, control,

11  volunteer or be employed in any capacity by a business whose

12  principal product is the production or selling of materials depicting

13  or describing "sexually explicit conduct," as defined at 18 U.S.C. §

14  2256(2).

15  　　　　k.　The defendant's employment shall be approved by the

16  Probation Officer, and any change in employment must be pre-approved

17  by the Probation Officer.  The defendant shall submit the name and

18  address of the proposed employer to the Probation Officer at least

19  ten (10) days prior to any scheduled change.

20  　　　　l.　Defendant shall not reside within direct view of

21  school yards, parks, public swimming pools, playgrounds, youth

22  centers, video arcade facilities, or other places primarily used by

23  persons under the age of 18.  Defendant's residence shall be approved

24  by the Probation Officer, and any change in residence must be pre-

25  approved by the Probation Officer.  Defendant shall submit the

26  address of the proposed residence to the Probation Officer at least

27  ten days prior to any scheduled move.

28

m.    The defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting or describing child erotica, which is defined as a person under the age of 18 in partial or complete state of nudity, in sexually provocative poses, viewed for the purpose of sexual arousal.

n.    The defendant shall not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depict "actual sexually explicit conduct" involving adults as defined by 18 U.S.C. § 2257(h)(1).

o.    The defendant shall possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications, and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that have been disclosed to the Probation Officer upon commencement of supervision.  Any new devices, accounts, applications, passwords, or passcodes are to be disclosed to the Probation Officer prior to the first use.  A digital device is any electronic system or device that can access, view, obtain, store, or transmit visual depictions of sexually explicit conduct involving children.

p.    All computers, computer-related devices, and their peripheral equipment, used by the defendant shall be subject to search, seizure and computer monitoring.  This shall not apply to items used at the employment site that are maintained and monitored by the employer.

q.    The defendant shall comply with the rules and regulations of the Computer Monitoring Program.  The defendant shall pay the cost of the Computer Monitoring Program.

1          r.   The defendant shall submit to a search, at any time,

2    with or without warrant, and by any law enforcement or probation

3    officer, of the defendant's person and any property, house,

4    residence, vehicle, papers, computers, cell phones, other electronic

5    communication or data storage devices or media, email accounts,

6    social media accounts, cloud storage accounts, effects and other

7    areas under the defendant's control, upon reasonable suspicion

8    concerning a violation of a condition of supervision or unlawful

9    conduct by the defendant, or by any probation officer in the lawful

10   discharge of the officer's supervision functions.

11        4.   Defendant agrees to/that:

12        a.   Any and all criminal debt ordered by the Court will be

13   due in full and immediately.  The government is not precluded from

14   pursuing, in excess of any payment schedule set by the Court, any and

15   all available remedies by which to satisfy defendant's payment of the

16   full financial obligation, including referral to the Treasury Offset

17   Program.

18        b.   Complete the Financial Disclosure Statement on a form

19   provided by the USAO and, within 30 days of defendant's entry of a

20   guilty plea, deliver the signed and dated statement, along with all

21   of the documents requested therein, to the USAO by either email at

22   usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

23   Litigation Section at 300 North Los Angeles Street, Suite 7516, Los

24   Angeles, CA 90012.  Defendant agrees that defendant's ability to pay

25   criminal debt shall be assessed based on the completed Financial

26   Disclosure Statement and all required supporting documents, as well

27   as other relevant information relating to ability to pay.

28

                                    7

1          c.    Authorize the USAO to obtain a credit report upon

2    returning a signed copy of this plea agreement.

3          d.    Consent to the USAO inspecting and copying all of

4    defendant's financial documents and financial information held by the

5    United States Probation and Pretrial Services Office.

6                      THE USAO'S OBLIGATIONS

7    5.    The USAO agrees to:

8          a.    Not contest facts agreed to in this agreement.

9          b.    Abide by all agreements regarding sentencing contained

10   in this agreement.

11         c.    At the time of sentencing, provided that defendant

12   demonstrates an acceptance of responsibility for the offense up to

13   and including the time of sentencing, recommend a two-level reduction

14   in the applicable Sentencing Guidelines offense level, pursuant to

15   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

16   additional one-level reduction if available under that section.

17                     NATURE OF THE OFFENSE

18   6.    Defendant understands that for defendant to be guilty of

19   the crime charged in count 1, that is, Child Exploitation Enterprise,

20   in violation of Title 18, United States Code, Section 2252A(g), the

21   following must be true:

22         a.    Defendant knowingly produced or attempted to produce

23   child pornography, in violation of 18 U.S.C. § 2251(a), or knowingly

24   enticed a minor to engage in criminal sexual activity, in violation

25   of 18 U.S.C. § 2422(b);

26         b.    As part of a series of felony violations constituting

27   three or more separate incidents;

28         c.    The incidents involved more than one victim; and

8

d.   Defendant committed those offenses in concert with three or more other persons.

7.   Defendant understands that for defendant to be guilty of production of child pornography, in violation of 18 U.S.C. § 2251(a), the following must be true:

a.   First, at the time, the victim was under the age of 18 years;

b.   Second, defendant employed, used, persuaded, induced, enticed, or coerced the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

c.   Third,

i.   Defendant knew or had reason to know that the visual depiction would be transported or transmitted across state lines or in foreign commerce; or

ii.   The visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported across state lines or in foreign commerce; or

iii. The visual depiction was actually transported or transmitted across state lines or in foreign commerce using any means or facility of interstate or foreign commerce; or

iv.   The visual depiction affected interstate commerce.

8.   Defendant understands that for defendant to be guilty of attempted production of child pornography, in violation of 18 U.S.C. § 2251(a), the following must be true:

a.   Defendant intended to produce child pornography; and

9

1      b.    Defendant did something that was a substantial step

2  toward committing the crime.

3      9.    Defendant understands that for defendant to be guilty of

4  enticement of a minor to engage in criminal sexual activity, in

5  violation of 18 U.S.C. § 2422(b), the following must be true:

6      a.    Defendant used a means or facility of interstate

7  commerce, namely, the Internet, to knowingly persuade, induce,

8  entice, or coerce an individual to engage in the production of child

9  pornography;

10     b.    The individual was under the age of 18 and defendant

11 knew the person was under the age of 18; and

12     c.    Based upon the production of child pornography that

13 occurred, any person could have been charged with a criminal offense

14 under the laws of the United States.

15                      <u>PENALTIES AND RESTITUTION</u>

16     10.   Defendant understands that the statutory maximum sentence

17 that the Court can impose for a violation of 18 U.S.C. § 2252A(g),

18 is: life imprisonment; a lifetime period of supervised release; a

19 fine of $250,00 or twice the gross gain or gross loss resulting from

20 the offense, whichever is greatest; and a mandatory special

21 assessment of $100.

22     11.   Defendant understands that the statutory mandatory minimum

23 sentence that the Court must impose for a violation of 18 U.S.C.

24 § 2252A(g), is: 20 years' imprisonment, followed by a 5-year period

25 of supervised release, and a mandatory special assessment of $100.

26     12.   Defendant understands that defendant will be required to

27 pay full restitution to the victims of the offense to which defendant

28 is pleading guilty.  Defendant agrees that, in return for the USAO's

                              10

compliance with its obligations under this agreement, the Court may
order restitution to persons other than the victims of the offense to
which defendant is pleading guilty and in amounts greater than those
alleged in the count to which defendant is pleading guilty.  In
particular, defendant agrees that the Court may order restitution to
any victim for any losses suffered by that victim as a result of any
relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with
the offense to which defendant is pleading guilty.  The parties
currently believe that the applicable amount of restitution is
approximately $300,000, but recognize and agree that this amount
could change based on facts that come to the attention of the parties
prior to sentencing.

13.  Defendant understands that, pursuant to the Justice for
Victims of Trafficking Act of 2015, the Court shall impose an
additional $5,000 special assessment if the Court concludes that
defendant is a non-indigent person, to be paid after defendant's
other financial obligations have been satisfied.

14.  Defendant understands that, pursuant to the Amy, Vicky, and
Andy Child Pornography Victim Assistance Act of 2018 found in 18
U.S.C. § 2259A, the Court may impose an additional assessment of up
to $50,000.

15.  Defendant understands that supervised release is a period
of time following imprisonment during which defendant will be subject
to various restrictions and requirements.  Defendant understands that
if defendant violates one or more of the conditions of any supervised
release imposed, defendant may be returned to prison for all or part
of the term of supervised release authorized by statute for the
offense that resulted in the term of supervised release.

11

16.   Defendant understands that, by pleading guilty, defendant
may be giving up valuable government benefits and valuable civic
rights, such as the right to vote, the right to possess a firearm,
the right to hold office, and the right to serve on a jury.
Defendant understands that he is pleading guilty to a felony and that
it is a federal crime for a convicted felon to possess a firearm or
ammunition.   Defendant understands that the conviction in this case
may also subject defendant to various other collateral consequences,
including but not limited to revocation of probation, parole, or
supervised release in another case and suspension or revocation of a
professional license.   Defendant understands that unanticipated
collateral consequences will not serve as grounds to withdraw
defendant's guilty plea.

17.   Defendant and his counsel have discussed the fact that, and
defendant understands that, if defendant is not a United States
citizen, the conviction in this case makes it practically inevitable
and a virtual certainty that defendant will be removed or deported
from the United States.   Defendant may also be denied United States
citizenship and admission to the United States in the future.
Defendant understands that while there may be arguments that
defendant can raise in immigration proceedings to avoid or delay
removal, removal is presumptively mandatory and a virtual certainty
in this case.   Defendant further understands that removal and
immigration consequences are the subject of a separate proceeding and
that no one, including his attorney or the Court, can predict to an
absolute certainty the effect of his/her conviction on his
immigration status.   Defendant nevertheless affirms that he wants to
plead guilty regardless of any immigration consequences that his plea

12

1  may entail, even if the consequence is automatic removal from the

2  United States.

3                              FACTUAL BASIS

4      18.  Defendant admits that defendant is, in fact, guilty of the

5  offense to which defendant is agreeing to plead guilty.  Defendant

6  and the USAO agree to the statement of facts provided below and agree

7  that this statement of facts is sufficient to support a plea of

8  guilty to the charge described in this agreement and to establish the

9  Sentencing Guidelines factors set forth in paragraph 20 below but is

10  not meant to be a complete recitation of all facts relevant to the

11  underlying criminal conduct or all facts known to either party that

12  relate to that conduct.

13      Defendant was a member and leader of CVLT.  CVLT was a group of

14  individuals who were dedicated to the online sexual exploitation of

15  children, primarily vulnerable girls.  CVLT members, including

16  defendant, worked together online to entice and coerce children to

17  self-produce child pornography and to engage in self-harm.  Members

18  of CVLT, including defendant, hurt at least five minor victims.  CVLT

19  consisted of numerous individuals, including codefendants Rohan

20  Sandeep Rane ("Rane"), Collin John Thomas Walker ("Walker"), and

21  Clint Jordan Lopaka Nahooikaika Borge.  CVLT operated in Los Angeles

22  and San Bernardino Counties, within the Central District of

23  California.

24      In and around 2020, defendant and codefendants Rane and Walker

25  enticed and coerced Minor Victim 2, who had learning disabilities, to

26  engage in criminal sexual activity by enticing and coercing her to

27  produce child pornography, which she did.  Specifically, during an

28  online video call, they enticed and coerced her to vaginally and

                                     13

anally masturbate with a knife for the purpose of producing a visual
depiction of such conduct.  During the video call, codefendant Rane
asked her to say, while masturbating, "nasty ass things like rape me
daddy, I'm your little nigger slut . . . rape my nigger pussy daddy."
During the video call, they also enticed and coerced her into
drinking her own urine.

In 2020, defendant and codefendants Rane and Walker enticed and
coerced Minor Victim 3 to engage in criminal sexual activity by
enticing and coercing her to produce child pornography, which she
did.  Specifically, during an online video call, they enticed and
coerced her to vaginally masturbate with a hairbrush for the purpose
of producing a visual depiction of such conduct.

In and around 2021, defendant and codefendant Rane enticed and
coerced Minor Victim 4, to engage in criminal sexual activity by
attempting to entice and coerce her to produce child pornography.
Specifically, during an online video call, defendant and Rane tried
repeatedly to get Minor Victim 4 to take off her clothes.  Rane also
instructed Minor Victim 4 to get a knife and write "Rohan" one side
(Rane's first name) and "Kaleb" on the other (defendant's first
name).  When she resisted their efforts, defendant said,
"consequences will be real, consequences will be harsh, and I will
make sure you end up killing yourself."  Defendant and Rane then
discussed sending naked pictures of Minor Victim 4 to her mother and
her Instagram followers if she continued to refuse.  Minor Victim 4
said she was going to kill herself to which Rane replied, "I don't
care."  Rane started to count down, and Minor Victim 4 exposed her
breasts.  He continued to count down, and Minor Victim 4 removed her

underwear but angled her body so her genitals were not visible to the
camera.

In and around 2021, defendant and codefendants Rane and
Walker enticed and coerced Minor Victim 6 to engage in criminal
sexual activity by enticing and coercing her to produce child
pornography, which she did.  Specifically, during an online video
call, Rane and Walker demanded Minor Victim 6 take off her clothes,
which she did, exposing her vagina.  Rane instructed her to draw a
swastika over her vagina, which she did.  Rane instructed her through
the chat, "now make a cut sign that says Rohan with a swastika sign
and then right underneat [sic] it, cut Kaleb with a swastika sign."
Minor Victim 6 said she could not find her knife.  Defendant typed
into the chat, "if you dont have a knife i can give more suggestions
that will be more painful so i suggest you just fuckign [sic] find it
lmao."  Rane wrote, "okay cam on and start cutting" . . . "Rohan with
a swastika sign . . . kaleb with a swastika sign . . . cut both . . .
and make it deep . . . i want to see blood."  Minor Victim 6 said,
"ok" but then ended the chat.

All of the videos described above were transported and
transmitted across state lines and in foreign commerce using means
and facilities of interstate and foreign commerce, namely, the
Internet, cellular technology, and computers.  All of the minor
victims described above were real children under the age of 18, and
defendant knew they were real children under the age of 18.

Defendant admits that by engaging in the conduct described
above, defendant produced child pornography, in violation of 18
U.S.C. § 2251(a), and enticed minors to engage in criminal sexual
activity, in violation of 18 U.S.C. § 2242(b), as part of a series of

15

felony violations constituting three separate incidents.  Defendant
further admits that the incidents involved more than one victim, and
that he committed the violations in concert with three or more
people.

<u>SENTENCING FACTORS</u>

19.  Defendant understands that in determining defendant's
sentence the Court is required to calculate the applicable Sentencing
Guidelines range and to consider that range, possible departures
under the Sentencing Guidelines, and the other sentencing factors set
forth in 18 U.S.C. § 3553(a).  Defendant understands that the
Sentencing Guidelines are advisory only, that defendant cannot have
any expectation of receiving a sentence within the calculated
Sentencing Guidelines range, and that after considering the
Sentencing Guidelines and the other § 3553(a) factors, the Court will
be free to exercise its discretion to impose any sentence it finds
appropriate between the mandatory minimum and up to the maximum set
by statute for the crime of conviction.

20.  Defendant and the USAO agree to the following applicable
Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 35 | U.S.S.G. § 2G2.6(a) |
| Child's Age 12-15 | +2 | U.S.S.G. § 2G2.6(b)(1)(B) |
| Use of Computer | +2 | U.S.S.G. § 2G2.6(b)(4) |
| Large Number of Vulnerable Victims | +4 | U.S.S.G. § 3A1.1(b)(1)-(2) |

Defendant and the USAO reserve the right to argue that additional
specific offense characteristics, adjustments, and departures under
the Sentencing Guidelines are appropriate.  Defendant understands
that defendant's offense level could be increased if defendant is a

16

career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's
offense level is so altered, defendant and the USAO will not be bound
by the agreement to Sentencing Guideline factors set forth above.

    21.  Defendant understands that there is no agreement as to
defendant's criminal history or criminal history category.

    22.  Defendant and the USAO reserve the right to argue for a
sentence outside the sentencing range established by the Sentencing
Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
(a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

    23.  Defendant understands that by pleading guilty, defendant
gives up the following rights:

        a.  The right to persist in a plea of not guilty.

        b.  The right to a speedy and public trial by jury.

        c.  The right to be represented by counsel -- and if
necessary have the Court appoint counsel -- at trial.  Defendant
understands, however, that, defendant retains the right to be
represented by counsel -- and if necessary have the Court appoint
counsel -- at every other stage of the proceeding.

        d.  The right to be presumed innocent and to have the
burden of proof placed on the government to prove defendant guilty
beyond a reasonable doubt.

        e.  The right to confront and cross-examine witnesses
against defendant.

        f.  The right to testify and to present evidence in
opposition to the charges, including the right to compel the
attendance of witnesses to testify.

1          g.     The right not to be compelled to testify, and, if
2    defendant chose not to testify or present evidence, to have that
3    choice not be used against defendant.

4          h.     Any and all rights to pursue any affirmative defenses,
5    Fourth Amendment or Fifth Amendment claims, and other pretrial
6    motions that have been filed or could be filed.

7                    WAIVER OF RETURN OF DIGITAL DATA

8          24.    Understanding that the government has in its possession
9    digital devices and/or digital media seized from defendant, defendant
10   waives any right to the return of those digital devices and digital
11   media, including any digital data contained on those items.

12                    WAIVER OF APPEAL OF CONVICTION

13         25.    Defendant understands that, with the exception of an appeal
14   based on a claim that defendant's guilty plea was involuntary, by
15   pleading guilty defendant is waiving and giving up any right to
16   appeal defendant's conviction on the offense to which defendant is
17   pleading guilty.  Defendant understands that this waiver includes,
18   but is not limited to, arguments that the statute to which defendant
19   is pleading guilty is unconstitutional, and any and all claims that
20   the statement of facts provided herein is insufficient to support
21   defendant's plea of guilty.

22               LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

23         26.    Defendant agrees that, provided the Court imposes a term of
24   imprisonment within or below the range corresponding to an offense
25   level of 43 and the criminal history category calculated by the
26   Court, defendant gives up the right to appeal all of the following:
27   (a) the procedures and calculations used to determine and impose any
28   portion of the sentence; (b) the term of imprisonment imposed by the

                                    18

1   Court; (c) the fine imposed by the Court, provided it is within the

2   statutory maximum; (d) to the extent permitted by law, the

3   constitutionality or legality of defendant's sentence, provided it is

4   within the statutory maximum; (e) the amount and terms of any

5   restitution order, provided it requires payment of no more than

6   $300,000; (f) the term of probation or supervised release imposed by

7   the Court, provided it is within the statutory maximum; and (g) any

8   of the following conditions of probation or supervised release

9   imposed by the Court: the conditions set forth in Second Amended

10  General Order 20-04 of this Court; the drug testing conditions

11  mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug

12  use conditions authorized by 18 U.S.C. § 3563(b)(7); and any

13  conditions of probation or supervised release agreed to by defendant

14  in paragraph 2 above.

15      27.  The USAO agrees that, provided (a) all portions of the

16  sentence are at or above the statutory minimum and at or below the

17  statutory maximum specified above and (b) the Court imposes a term of

18  imprisonment of no less than 292 months imprisonment, the USAO gives

19  up its right to appeal any portion of the sentence ,with the

20  exception that the USAO reserves the right to appeal the following:

21  the amount of restitution ordered if that amount is less than

22  $300,000.

23      WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

24      28.  Defendant agrees that: (i) any statements made by

25  defendant, under oath, at the guilty plea hearing; (ii) the agreed to

26  factual basis statement in this agreement; and (iii) any evidence

27  derived from such statements, shall be admissible against defendant

28  in any action against defendant, and defendant waives and gives up

19

1    any claim under the United States Constitution, any statute, Rule 410
2    of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of
3    Criminal Procedure, or any other federal rule, that the statements or
4    any evidence derived from the statements should be suppressed or are
5    inadmissible.

6        Defendant further agrees that this paragraph of the agreement is
7    severable.  Thus, defendant's waivers are binding and effective even
8    if, subsequent to defendant's signing this agreement, defendant
9    declines to plead guilty, the Court declines to accept his guilty
10   plea, or, if this agreement is of the type described in Federal Rule
11   of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects
12   this agreement.  Defendant also agrees that his waivers are binding
13   and effective even if some other portion of this agreement is found
14   to be invalid by this Court or the Ninth Circuit.

15                  RESULT OF WITHDRAWAL OF GUILTY PLEA
16       29.  Defendant agrees that if, after entering a guilty plea
17   pursuant to this agreement, defendant seeks to withdraw and succeeds
18   in withdrawing defendant's guilty plea on any basis other than a
19   claim and finding that entry into this plea agreement was
20   involuntary, then the USAO will be relieved of all of its obligations
21   under this agreement.

22                    EFFECTIVE DATE OF AGREEMENT
23       30.  This agreement is effective upon signature and execution of
24   all required certifications by defendant, defendant's counsel, and an
25   Assistant United States Attorney.                    .

26                         BREACH OF AGREEMENT
27       31.  Defendant agrees that if defendant, at any time after the
28   signature of this agreement and execution of all required

                                    20

certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
## OFFICE NOT PARTIES

32. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

33. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 20 are

21

1 consistent with the facts of this case.  While this paragraph permits

2 both the USAO and defendant to submit full and complete factual

3 information to the United States Probation and Pretrial Services

4 Office and the Court, even if that factual information may be viewed

5 as inconsistent with the facts agreed to in this agreement, this

6 paragraph does not affect defendant's and the USAO's obligations not

7 to contest the facts agreed to in this agreement.

8     34.  Defendant understands that even if the Court ignores any

9 sentencing recommendation, finds facts or reaches conclusions

10 different from those agreed to, and/or imposes any sentence up to the

11 maximum established by statute, defendant cannot, for that reason,

12 withdraw defendant's guilty plea, and defendant will remain bound to

13 fulfill all defendant's obligations under this agreement.  Defendant

14 understands that no one -- not the prosecutor, defendant's attorney,

15 or the Court -- can make a binding prediction or promise regarding

16 the sentence defendant will receive, except that it will be between

17 the statutory mandatory minimum and within the statutory maximum.

18                    NO ADDITIONAL AGREEMENTS

19     35.  Defendant understands that, except as set forth herein,

20 there are no promises, understandings, or agreements between the USAO

21 and defendant or defendant's attorney, and that no additional

22 promise, understanding, or agreement may be entered into unless in a

23 writing signed by all parties or on the record in court.

24       PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

25     36.  The parties agree that this agreement will be considered

26 part of the record of defendant's guilty plea hearing as if the

27 entire agreement had been read into the record of the proceeding.

28

1    AGREED AND ACCEPTED

2    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
3    CALIFORNIA

4    TODD BLANCHE
5    Deputy Attorney General
     BILAL A. ESSAYLI
6    First Assistant United States
     Attorney
7
8                                              3/2/2026
     CATHARINE A. RICHMOND              Date
9    KELLYE NG
     Assistant United States Attorneys
10
                                               2-23-26
11   KALEB CHRISTOPHER ~~WALKER~~ MERRITT   Date
     Defendant
12
                                               2/23/2026
13   RAMANUJAN NADADUR                    Date
     Attorney for Defendant
14   KALEB CHRISTOPHER MERRITT

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              23

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____    2-23-26
KALEB CHRISTOPHER MERRITT            Date
Defendant

24

1    <u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

2    I am KALEB CHRISTOPHER MERRITT's attorney.  I have carefully and

3    thoroughly discussed every part of this agreement with my client.

4    Further, I have fully advised my client of his rights, of possible

5    pretrial motions that might be filed, of possible defenses that might

6    be asserted either prior to or at trial, of the sentencing factors

7    set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8    provisions, and of the consequences of entering into this agreement.

9    To my knowledge: no promises, inducements, or representations of any

10   kind have been made to my client other than those contained in this

11   agreement; no one has threatened or forced my client in any way to

12   enter into this agreement; my client's decision to enter into this

13   agreement is an informed and voluntary one; and the factual basis set

14   forth in this agreement is sufficient to support my client's entry of

15   a guilty plea pursuant to this agreement.

16   _Ramanujan Nadadur_                    _2/23/2026_

17   RAMANUJAN NADADUR                      Date
     Attorney for Defendant
18   KALEB CHRISTOPHER MERRITT

19

20

21

22

23

24

25

26

27

28